IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DOUGLAS, | : | Civil No. 3:23-CV-1510 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| EDWARD RAYMOND | : | |
| GOLLIHUE YUGULIS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I.  Introduction

Pending before the court is a motion filed by the plaintiff to serve the defendant by publication. (Doc. 18). The plaintiff, Andrew Douglas, initiated this diversity action *pro se* on September 12, 2023, alleging that the defendant defamed him by posting false statements about him on social media. (Doc. 1). The plaintiff has endeavored to serve the defendant with the complaint and summons; however, nearly six months since the complaint has been filed, he has yet to complete proper service. The plaintiff now moves to serve the defendant by alternative means, contending that all other attempts at proper service have been tried and failed. (Doc. 18).

After consideration, and for the following reasons, the plaintiff's motion will be denied without prejudice to filing an amended motion for alternative service.

## II.   Discussion

Rule 4 of the Federal Rules of Civil Procedure dictates the methods by which a plaintiff must serve a complaint and summons in federal court. Rule 4(e) provides that a plaintiff can serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. (4)(e). In Pennsylvania, the rules authorize special means of service when service cannot be made under the regularly applicable rules. Rule 430 of the Pennsylvania Rules of Civil Procedure permits a plaintiff to petition the court for an order directing such alternative

means of service. Pa. R. Civ. P. 430(a). Service by publication, while permitted in certain circumstances, "is an extraordinary measure." *Fusco v. Hill Financial Savings Ass'n*, 683 A.2d 677, 680 (Pa. Super. Ct. 1996); Pa. R. Civ. P. 430(b)(1).

To establish that alternative service, such as service by publication, is appropriate, a plaintiff must demonstrate that: (1) he made a good faith effort to locate the defendant; (2) he has made practical efforts to properly serve the defendant; and (3) alternative service is "reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006). To meet the first requirement, a "good faith effort" entails efforts such as "inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of the defendant, and examinations of voter registration records," among others. *Id.* (citing Pa. R. Civ. P. 430(a), note). As to the second requirement, a plaintiff must "make multiple attempts to serve defendants." *Barbosa v. Dana Capital Group, Inc.*, 2009 WL 902339, at *6 (E.D. Pa. Mar. 31, 2009) (collecting cases) (finding that three attempts to make proper service on consecutive days was insufficient). Finally, with respect to the third requirement, Rule 430(b)(1) requires that the

desired service by publication be made in a legal publication, as well as in at least one newspaper of general circulation within the county. Pa. R. Civ. P. 430(b)(1). Courts in this circuit have held that with respect to this requirement, a plaintiff seeking permission to serve a suit by publication "must specify the newspapers in which he intends to publish notice." *Barbosa*, 2009 WL 902339, at *7; *Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011).

In the instant case, we conclude that although the plaintiff has established the first two requirements for alternative means of service, he has failed to meet the third requirement. The plaintiff has shown a good faith effort to locate the defendant. The plaintiff attaches his declaration, in which he states that he attempted to locate the defendant using online research, public records such as voter registration records and a traffic citation, and input from a private investigator. (Doc. 18-3 ¶ 2). He has further established that he has made multiple attempts to properly serve the defendant. In his declaration, the plaintiff asserts that he used a processing company to serve the summons and complaint, who attempted to serve the defendant on eight separate occasions. (*Id.* ¶ 3). After learning that the defendant had relatives living at a different

address, the plaintiff then attempted to serve the summons and complaint there on several different occasions. (*Id.* ¶¶ 4, 9). After requesting a new summons due to information that the defendant had changed his name, the plaintiff again attempted to serve the defendant twice at the address indicated by public records. (*Id.* ¶¶ 10-11). Accordingly, we conclude that the plaintiff has demonstrated multiple attempts to properly serve the defendant.

However, although we have concluded that the first two requirements for service by publication have been met, the plaintiff has failed to identify any specific publication in which he intends to publish notice of this action against the defendant. Accordingly, without this information, "we have no way of knowing whether the proposed service by publication will likely reach the defendant." *Olympic Steel, Inc.*, 2011 WL 6739477, at *3; *see also Kyko Global, Inc. v. Prithvi Info. Solutions, LTD.*, 2019 WL 7482238, at *3 (W.D. Pa. Sept. 5, 2019) (finding that the plaintiffs failed to satisfy the third requirement by requesting service by publication "in Pittsburgh-based newspapers" because it was not "reasonably calculated to convey notice" to the individual defendants).

Because Douglas has failed to identify any specific publication that

would be "reasonably calculated to convey notice" to the defendant, we will deny his motion for service by publication at this time. However, this motion is denied without prejudice to the plaintiff renewing his motion and providing the appropriate information to the court.

### III.  Order

Accordingly, for the foregoing reasons, the plaintiff's motion for service by publication (Doc. 18) is DENIED WITHOUT PREJUDICE to the plaintiff renewing his motion and providing the court with the information necessary to establish that this method of service is appropriate. Thus, the plaintiff's request for an extension of time for service is hereby GRANTED and the time to properly serve the defendant is hereby extended to **June 1, 2024.**


So ordered this 19th day of April 2024.

<div style="margin-left:40%">

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge

</div>