IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DOUGLAS, | : | Civil No. 3:23-CV-1510 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| EDWARD RAYMOND GOLLIHUE YUGULIS, a/k/a EI GOLLIHUE YUGULIS | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Introduction

Pending before the court is the plaintiff's renewed motion to effect service by publication. (Doc. 23). The plaintiff, Andrew Douglas, initiated this diversity action *pro se* on September 12, 2023, alleging that the defendant, Ei Gollihue Yugulis, defamed him by posting false statements about him on social media. (Doc. 1). On April 12, 2019, after making numerous unsuccessful attempts to serve Yugulis, Douglas moved for leave to effect service by publication. (Docs. 18, 18-3, 20, 23). On April 19, 2024, the court denied Douglas's motion without prejudice because Douglas had not identified a publication that would be

reasonably calculated to convey notice to Yugulis, as required by Pennsylvania Rule of Civil Procedure 430(b)(1). (Doc. 21 at 5-6).

On May 24, 2024, Douglas renewed his motion and provided the publications he intends to use. (Doc. 23 at 5-6). In his motion, Douglas also informed the court that he recently located Yugulis's place of employment—a United States Postal Service ("USPS") office in Cleveland, Ohio. (*Id.* at 6-7). Douglas states that he attempted to serve Yugulis at the post office on two occasions. (*Id.*). On the first occasion, Yugulis was not scheduled to work. (*Id.*). On the second occasion, Yugulis was present, but USPS personnel prevented Douglas's process server from effecting service. (*Id.*). Douglas argues that this conduct likely violated 39 C.F.R. § 243.2(g), a statute that governs service of process in post offices. (*Id.* at 7). Now, Douglas asks the court to permit service by publication and to extend his time to complete service from June 1, 2024 to June 24, 2024. (*Id.* at 7-8).

After considering the new information provided by Douglas, we will deny his renewed motion for leave to effect service by publication without prejudice, direct Douglas to reattempt service, and *sua sponte* extend the service deadline to July 12, 2024.

## II.  Discussion

Federal Rule of Civil Procedure 4(e) allows a plaintiff to effect service in accordance with the law of the forum state.  Fed. R. Civ. P. 4(e).  Under Pennsylvania Rule of Civil Procedure 430(a), a plaintiff may request leave to effect service by alternative means if service cannot be made under the regularly applicable rule.  Pa. R. Civ. P. 430(a).  To establish that alternative service, such as service by publication, is appropriate, a plaintiff must demonstrate that: (1) he made a good faith effort to locate the defendant; (2) he has made practical efforts to properly serve the defendant; and (3) alternative service is "reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  Courts have cautioned that service by publication "is an extraordinary measure" that is generally disfavored and should only be used as a last resort.  *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (explaining that service by alternative means is an "'option of last resort'") (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (2001)); *Fusco v. Hill Financial Savings Ass'n*, 683 A.2d 677, 680 (Pa. Super. Ct. 1996); *Commodity Futures Trading Comm'n v. Tradewale LLC*, No. 21-CV-

17776, 2022 WL 20668009, at *4 (D.N.J. Jan. 12, 2022) (unpublished) (explaining that service by publication is generally disfavored).

    Here, service by publication would be premature because Douglas has not exhausted his attempts to personally serve Yugulis. Though we previously found that Douglas had satisfied the first two 430(a) factors, personal service is much more feasible now that Douglas has located Yugulis's place of employment. (Doc. 21 at 4-5). Additionally, as Douglas points out, 39 C.F.R. § 243.2(g) requires "postmasters or other installation heads" to "permit service on postal premises of civil and criminal process affecting employees in personal matters, when such service of process will not interfere with postal operations." (Doc. 23 at 7). Because there is a statutory mechanism for effecting service at post offices, it is highly likely that Yugulis can be personally served at work. Therefore, it would be premature to permit service by publication—an "'option of last resort'"—after only two attempts have been made to serve Yugulis at the post office. *Grove*, 222 F.R.D. at 256; *See Barbosa v. Dana Capital Group, Inc.*, 2009 WL 902339, at *6 (E.D. Pa. Mar. 31, 2009) (collecting cases) (finding that three attempts to make proper service on consecutive days was insufficient).

4

Accordingly, Douglas's motion for leave to effect service by publication will be denied and Douglas will be directed to reattempt service at the post office where Yugulis's works in accordance with 39 C.F.R. § 243.2(g). (Doc. 25). When reattempting service, Douglas must present the below order to the post office. To ensure Douglas has sufficient time to reattempt service, we will *sua sponte* extend the service deadline beyond June 24, 2024—the deadline Douglas requested—to July 12, 2024.

### III. Order

For the foregoing reasons, Douglas's motion (Doc. 23) is granted in part and denied in part. Douglas's motion for leave to effect service by publication is DENIED WITHOUT PREJUDICE and Douglas is directed to reattempt service in accordance with 39 C.F.R. § 243.2(g). When reattempting service, Douglas must present this order to the post office. Douglas's request for an extension of time for service is hereby GRANTED and the service deadline is hereby extended to **July 12, 2024.**

So ordered this 17th day of June 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge
