IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DOUGLASS, | : | |
| | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| v. | : | No. 3:23-cv-01510 |
| | : | |
| EDWARD RAYMOND GOLLIHUE | : | |
| YUGULIS, a/k/a EI GOLLIHUE | : | |
| YUGULIS, | : | |
| | : | |
| Defendant. | : | |

## JOINT CASE MANAGEMENT PLAN

**1.    Principal Issues**

1.1    Separately for each party, please give a statement summarizing this case:

*By Plaintiff:*

**As alleged in the First Amended Complaint, on September 12, 2022, Defendant made false accusations against Plaintiff in an online, Facebook group discussion consisting of a large number of people who had just attended a large, anime-focused event called Colossalcon East, which Defendant and Plaintiff had also attended.  Through such, Defendant accused Plaintiff of the criminal offenses of rape and assault concerning a female who had also attended the event in questions.  These allegations were false and defamatory.  We believe that evidence will readily demonstrate that Defendant made these false statements against Plaintiff maliciously, recklessly, and/or negligently and as such, that Defendant will be found liable for defamation.**

*By Defendant:*

**Defendant Edward Raymond Gollihue Yugulis a/k/a Ei Gollihue Yugulis. ( "Defendant") denies Defaming Plaintiff and denies Plaintiff is entitled to the relief requested in the Complaint or any relief whatsoever from Defendant. ortedly received from Plaintiff with respect to a checking account. Based upon the information provided by Female 1 the statements made by Defendant were true to the best information and belief of the Defendant. Given the course of events, there was sufficient indicia of reliability and, so, Defendant did not make these statements with reckless disregard to their truth or falsity, but, rather, based upon the information shared to Defendant.**

1.2     The facts the parties <u>dispute</u> are as follows:

**At this preliminary stage, all facts material to the claims alleged are in dispute.**

The <u>agreed</u> upon facts are as follows:

**At this preliminary stage, the parties are not aware of what facts are agreed upon.**

1.3     The legal issues the parties <u>dispute</u> are as follows:

**Whether Defendant is liable to Plaintiff for Defamation.**

**Any other legal issues that may arise in this case that are not explicitly agreed upon below.**

The legal issues <u>agreed</u> upon are as follows:

**That this Honorable Court has jurisdiction over this matter and venue is proper in this district.**

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None.**

1.5    Identify any named parties that have not yet been served:

**None.**

1.6    Identify any additional parties that:

Plaintiff intends to join:

**None.**

Defendant intends to join:

**None.**

1.7    Identify any additional claims that:

Plaintiff intends to add:

**At this preliminary stage, Plaintiff has no additional claims.**

Defendant intends to add:

**At this preliminary stage, Defendant has no additional claims**

**2.    Disclosures**

**Initial disclosures shall be served by August 8, 2025.**

2.1    Separately for each party, list by name and title/position each person whose identity had been disclosed:

*Disclosed by Plaintiff:*

| Name | Title/Position |
|------|----------------|
| **Andrew Douglass** | **Plaintiff** |

*Disclosed by Defendant:*

| Name | Title/Position |
|------|----------------|
| **Ei GollihuYugulis** | **Defendant** |

**3.    Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

By Plaintiff:

By Defendant:

**None.**

**4.    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

**Other than initial disclosures, none.**

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will:

**Plaintiff will serve written discovery requests, including Interrogatories and Request for Production of Documents. Plaintiff also expects to take the deposition of Defendant, and may depose other persons who have knowledge of the facts at issue.  Plaintiff may also depose any expert designated by the Defendant.**

Defendant will:

**Propound initial written discovery, including Interrogatories and Request for Production of Documents. Defendant also expects to take the deposition of Plaintiff.  Defendant may also take expert discovery and depositions, if necessary.**

4.3    Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None anticipated.**

4.4    Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None anticipated.**

4.5    For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits. recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

Proposed by Plaintiff:

**plaintiff(s):  8    defendants:  8**

Proposed by Defendant:

**plaintiff(s):  8    defendants:  8**

4.5.2 interrogatories to be served by:

**plaintiff(s):  30    defendants:  30**

4.5.3 document production requests to be served by:

**plaintiff(s):  30    defendants:  30**

4.5.4  requests for admission to be served by:

**plaintiff(s):  30    defendants:  30**

4.6    Discovery of Electronically Stored Information

X_ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

___ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.      Protective Order**

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**None.**

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**None at this time.**

**6.      Scheduling**

6.1    Final date for joining additional parties:

Plaintiff(s): **August 15, 2025\*.**

**\*Plaintiff requests that if evidence is obtained in discovery that would warrant the addition of an additional party, that Plaintiff be permitted to request such to the Court promptly after discovery of such evidence.**

Defendants(s): **August 15, 2025.**

6.2    Final date for amending pleadings:

Plaintiff(s): **August 15, 2025.**

Defendants(s):   **August 15, 2025.**

6.3    All fact discovery commenced in time to be completed by: **December 19, 2025.**

6.4    All potential dispositive motions should be filed by: **January 16, 2025.**

6.5    Reports from retained experts due:

Plaintiff: **January 23, 2026.**

Defendants: **February 26, 2026.**

6.6    Supplementations due:

Plaintiff: **March 6, 2025.**

Defendants: **March 6, 2025.**

6.7    All expert discovery commenced in time to be completed by: **March 27, 2025**

6.8    This case may be appropriate for trial in approximately:

    \_\_\_    240 Days from the filing of the action in this court

    \_\_\_    365 Days from the filing of the action in this court

    **500**    Days from the filing of the action in this court

6.9    Suggested Date for the final Pretrial Conference: **April 2026.**

6.10   Trial

6.10.1 Suggested Date for Trial: **May 2026.**

**7.    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

*For Plaintiff:*

**Andrew Douglass**

*For Defendant:*

**Ei GollihuYugulis**

**Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

**None at this time.  However, the parties are agreeable to submitting this matter to a Magistrate Judge for a Settlement Conference.**

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

By Plaintiff:

**Plaintiff is agreeable to submitting this matter to a Magistrate Judge for a Settlement Conference.**

By Defendant:

**Defendant is agreeable to submitting this matter to a Magistrate Judge for a Settlement Conference.**

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

9.    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

By Plaintiff:

**Plaintiff respectfully declines to consent to having a Magistrate Judge preside over this case.**

By Defendant:

**Defendant consents to having a magistrate judge preside as the judge of the case.**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_X_ Scranton

__ Wilkes-Barre

__ Williamsport

__ Harrisburg

**10.    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None.**

**11.    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

*For Plaintiff:*

**John B. Flood, Esquire, ECF User**

**Flood Law LLC**
**2600 Tower Oakes Blvd, Suite 290**
**Rockville, MD 20852**
**(Tel.): (240) 403-2619**

*For Defendant:*

**David M. Gaspar, Jr., Esquire, ECF User**
**ARM Lawyers**
**18 N. 8th Street**
**Stroudsburg, PA 18360**
**Tel: 484-353-5402**